UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NATHAN CUMMINGS FOUNDATION, INC.<br>120 Wall Street, 26th floor<br>New York, NY 10005<br><br>         *Plaintiff*,<br> v.<br><br>AXON ENTERPRISE, INC.,<br>17800 North 85th Street<br>Scottsdale, AZ 85255<br><br>         *Defendant*. | No. ------- |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

  1. The Nathan Cummings Foundation, Inc. ("NCF") challenges Axon Enterprise, Inc. ("Axon" or "Company") under the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and regulations issued thereunder, based on Axon's expressed wrongful intent to exclude from its 2026 annual meeting proxy solicitation NCF's lawful shareholder proposal.

  2. Defendant Axon's definitive proxy statement is scheduled to be filed with the Securities and Exchange Commission (the "SEC" or the "Commission") on or about April 16, 2026. Plaintiff NCF will be irreparably harmed if its shareholder proposal is not included in Axon's 2026 proxy materials, the exclusion of which would deprive the entire body of shareholders of its right and sole opportunity to vote on the proposal this year.

  3. Plaintiff accordingly seeks: (a) declaratory relief that its proposal is not excludable under Exchange Act Rule 14a-8; and (b) preliminary and permanent injunctive relief compelling Axon to include NCF's shareholder proposal in its upcoming 2026 annual meeting proxy solicitation to its shareholders.

**Introduction**

4. When a company's fiduciaries decide that it is in the best interests of the company to participate in the public securities markets and accept money from shareholders to fund its operations, the company obligates itself to a rigorous set of federal securities law obligations for the benefit of shareholders, and its shareholders concurrently accrue a variety of substantive rights. Shareholders' rights include having the final say on matters decided on by management and the board, such as the election of directors and the selection of independent auditors.

5. The forum in which shareholders vote on those matters is the company's annual meeting, and the vehicle through which the company both solicits those votes and discloses the matters on which shareholders will vote is the company's annual proxy statement, required to be filed with the SEC.

   a. The "Proxy Rules" promulgated under Section 14 of the Securities Exchange Act of 1934 (the "Exchange Act") both dictate a company's obligation, content, timing and form of disclosure of the annual meeting proxy statement, as well as shareholders' associated rights to submit proposals, receive full disclosure, and vote either at the meeting or by proxy.

   b. Though shareholders *must* approve certain of management's voting items such as the election of directors and choice of auditor in order for those resolutions to be adopted, votes on shareholder proposals are "precatory" and do not compel action by the company. Rather, the vote is advisory and generally determines whether management and/or the board – *i.e.*, those stewards ultimately bearing the fiduciary duties of setting policy and managing the company - should consider implementing the proposal. The Proxy Rules set out an orderly procedure to enable shareholders and management to determine which shareholder proposals are appropriate for a vote.

6. In that connection, Rule 14a-8, 17 C.F.R. § 240.14a-8, mandates that a company include in its proxy statement a shareholder's proposal unless the proposal falls within one of the exclusions enumerated under the rule.

7. NCF's shareholder proposal, timely submitted by NCF to Axon in accordance with the procedural requirements of Rule 14a-8 on or about November 26, 2025, asks the Company to prepare a report disclosing its political spending. Specifically, the proposal asks that the Company detail its policies and procedures for making corporate political contributions: (a) in support of or in opposition to any candidate for public office; or (b) to influence any election or referendum. The proposal also seeks information about the total amounts spent, and the identity of the candidates and the amounts spent as to each candidate.

8. Similar proposals seeking information about political spending by companies have for many years been regularly treated by the SEC, its staff, and by other companies as presenting a matter outside of one of the regulatory reasons for excluding such shareholder proposals. In plain terms, the proposal does not implicate any exclusion from the regulatory mandate of Rule 14a-8(i)(7), 17 C.F.R. §240.14a-8(i)(7), that would permit the Company to leave the proposal out of its proxy statement.

9. On January 26, 2026, pursuant to Rule 14a-8(j), the Company notified the SEC and NCF of its intent to exclude the proposal, claiming that the proposal sought to "micromanage" the Company. Simultaneously, the Company requested that the SEC staff provide it a letter that states that the staff does "not-object" to the exclusion.

10. On February 10, 2026, the SEC staff issued the requested letter. The staff stated in its letter that the Company represents in its notice to the SEC that it had a "reasonable basis" for the exclusion of the proposal. The SEC staff letter states that the letter "is based solely on that representation."

11. Based on Axon's stated intent to exclude the shareholder proposal in its proxy statement and the SEC staff letter, the administrative proceedings before the SEC are now complete. This matter is therefore now ripe for decision by this Court to determine whether the shareholder proposal must by law be included in Axon's 2026 proxy statement.

12. NCF seeks relief from this Court because the courts are charged with deciding the legality of a Rule 14a-8 exclusion under the federal securities laws.

**Jurisdiction and Venue**

13.     This Court has jurisdiction over the claim pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa. This matter arises out of a violation of the proxy rules issued under the Securities Exchange Act of 1934. Venue is proper in this district under 15 U.S.C. § 78aa as an act or transaction constituting the violation took place in this district.

**Parties**

14.     NCF is an Illinois non-profit corporation with its principal business address at 120 Wall Street, 26th floor, New York, NY 10005. Plaintiff regularly submits shareholder proposals to advance its view of shareholder value and believes that transparent disclosure of political spending is an issue that is important to shareholder value.

15.     Defendant, Axon, is a Delaware registered corporation, with its executive offices at 17800 North 85th Street, Scottsdale, AZ 85255. Axon is a publicly traded company that has its securities registered under 15 U.S.C. §78m(l) and must comply with the SEC's proxy rules in connection with its solicitation of proxies for its 2026 annual shareholder meeting.

**Factual Allegations**

16.     NCF is a long-time shareholder of Axon and has continuously held the requisite minimum $25,000 worth of shares of Axon for one year before the submission of its November 26, 2025, shareholder proposal, and has undertaken to continue to hold that amount through the conclusion of the 2026 annual shareholder meeting. *See* SEC Rule 14a-8(b)(i)(C), 17 C.F.R. § 240.14a-8(b)(i)(C).

17.     On November 26, 2025, more than 120 days before the next scheduled annual shareholder meeting, NCF timely submitted its shareholder proposal to the Company for inclusion in Axon's annual proxy solicitation materials. *See* SEC Rule 14a-8(e)(2), 17 C.F.R. § 240.14a-8(e)(2).

18.     NCF's submission included the following proposed resolution:

  **Resolved**, that the shareholders of Axon Enterprise, Inc. ("Axon" or "Company") hereby request that the Company provide a report, updated annually, disclosing the Company's:

1. Policies and procedures for making, with corporate funds or assets, contributions and expenditures (direct or indirect) to (a) participate or intervene in any campaign on behalf of (or in opposition to) any candidate for public office, or (b) influence the general public, or any segment thereof, with respect to an election or referendum.

2. Monetary and non-monetary contributions and expenditures (direct and indirect) used in the manner described in section 1 above, including the identity of the recipient as well as the amount paid to each.

The report shall be presented to the board of directors or relevant board committee and posted on the Company's website. This proposal does not encompass lobbying spending.

19. In support of its proposal, NCF submitted the following narrative:

  As long-term shareholders of Axon, we support transparency and accountability in corporate electoral spending. This includes any activity considered an intervention in a political campaign under the Internal Revenue Code, such as direct and indirect contributions to political candidates, parties, or organizations, and independent expenditures or electioneering communications on behalf of federal, state, or local candidates.

  A company's reputation, value, and bottom line can be adversely impacted by political spending.

  A company's reputation, value, and bottom line can be adversely impacted by political spending. The risk is especially serious when giving to trade associations, Super PACs, 527 committees, and "social welfare" organizations – groups that routinely pass money to or spend on behalf of candidates and political causes that a company might not otherwise wish to support.

  A recent poll of retail shareholders by Mason-Dixon Polling & Research found that 83 percent of respondents said they would have more confidence investing in corporations that have adopted reforms that provide transparency and accountability in political spending.

>      Our company scored 10 percent in the 2025 CPA-Zicklin Index of Corporate Political Disclosure and Accountability.
>
>      This proposal asks Axon to disclose all its electoral spending, including payments to Trade Associations and 501(c)(4) social welfare organizations, which may be used for electoral purposes, and are otherwise undisclosed. This would bring our Company in line with a growing number of leading companies, including Micron Technology Inc., MetaPlatforms Inc., and Northrop Grumman Corp., which present this information on their websites.
>
>      Without knowing the recipients of our company's political dollars, we cannot sufficiently assess whether our company's election-related spending aligns or conflicts with its policies on climate change and sustainability, or other areas of concern. We urge your support for this critical governance reform.

20.    A company must notify the SEC and simultaneously notify the proponent if it intends to exclude the shareholder's proposal. That notice must be filed no later than 80 calendar days before the company files its definitive proxy statement with the SEC. *See* SEC Rule 14a-8(j)(1), 17 C.F.R. §240. 14a-8(j)(1). If a decision is made to exclude the proposal, the company must file a statement of its reasons for exclusion with the SEC. *Id*. at Rule 14a-8(j)(2).

21.    In this case Axon filed its notice of its intent to exclude the proposal on January 26, 2026, and simultaneously provided notice to NCF of that decision. In its required statement of reasons for excluding the proposal, the Company opined that the proposal seeks to "micromanage" the conduct of the Company. The sole legal basis for the exclusion cited was SEC Rule 14a-8(i)(7) – which permits exclusion of "management functions" – defined as "matters relating to the company's '*ordinary business operations*.'" (Emphasis added.)

22.    As permitted by SEC Rule 14a-8(k), on January 27, 2026, NCF submitted to the SEC its opposition to Axon's justification for exclusion. NCF detailed why its proposal does not

relate to ordinary business matters and cited SEC pronouncements as reflected in longstanding SEC staff guidance that political spending disclosure is a proper matter for shareholder vote.

23. The proxy rules do not provide a mechanism for determining the legality of company exclusions of shareholder proposals. Rather, the SEC website acknowledges that the courts are the ultimate arbiters of those facts, and the law of this and other circuits confirms that shareholders have a well-settled private right of action to contest proposed exclusions. *Roosevelt v. E.I. Du Pont de Nemours & Co.*, 958 F.2d 416, 422 (D.C. Cir. 1992).

24. NCF will suffer irreparable injury if the Company does not include NCF's shareholder proposal in the Company's 2026 definitive proxy statement. The Company is expected to file its definitive proxy statement with the SEC on or about April 16, which it would then distribute to shareholders in advance of its 2026 annual shareholder meeting.

## COUNT I

### ENFORCEMENT OF SHAREHOLDER PROXY RIGHTS UNDER SEC SECTION 14(a) OF THE SECURITIES EXCHANGE ACT and SEC RULE 14a-8.

25. The foregoing allegations in paragraphs 1-24 are incorporated by reference.

26. NCF is a shareholder of Axon properly authorized to submit a proxy proposal.

27. NCF's proxy proposal was timely submitted to the Company.

28. NCF's proxy proposal relating to the disclosure of political spending by Axon is not a matter that is the subject of the ordinary business of the Company and is a proper subject of a shareholder proposal.

29. The Company has not sustained its burden of justifying that it is legally entitled to exclude NCF's shareholder proposal from its 2026 proxy statement.

30. The Company will violate SEC Rule 14a-8 and irreparably harm NCF if the Company excludes NCF's shareholder proposal from its 2026 annual shareholder meeting proxy statement.

## Prayer for relief

For the foregoing reasons, NCF seeks the following relief:

a. A declaratory judgment that NCF's political spending proxy proposal is a proper subject of a shareholder proposal under Exchange Act Rule 14a-8; and

b. A preliminary and permanent injunction to enjoin Axon from excluding NCF's shareholder proposal from the Company's 2026 proxy statement in violation of Exchange Act Rule 14a-8.

c. Awarding plaintiff reasonable costs and attorney's fees in accordance with law or equity.

d. Issuing any and all other such relief as the Court determines is just and proper.

| | |
|---|---|
| February 17, 2026 | Respectfully submitted, |
| | /s/ Cornish F. Hitchcock |
| | Cornish F. Hitchcock<br>D.C. Bar No. 238824<br>Hitchcock Law Firm, PLLC<br>5614 Connecticut, Ave, N.W. # 304<br>Washington, DC 20015<br>202-489-4813<br>ConH@hitchlaw.com |
| | Richard A. Kirby *<br>D.C. Bar No. 247759<br>R\|K Invest Law, PBC<br>1725 I Street, NW - Suite 300<br>Washington, D.C. 20006<br>(202) 236-2854<br>Kirby@investlaw.net |
| | Attorneys for Plaintiff<br>The Nathan Cummings Foundation, Inc. |
| | *Pro hac vice forthcoming* |